Slip Op. 05 - 125

# UNITED STATES COURT OF INTERNATIONAL TRADE

|                                          |   |                             |
| ---------------------------------------- | - | --------------------------- |
| MANDY L. BURTON,                         | : |                             |
|                                          | : |                             |
| Plaintiff,                               | : | **Before: MUSGRAVE, JUDGE** |
|                                          | : |                             |
| v.                                       | : | Court No. 05-00076          |
|                                          | : |                             |
| UNITED STATES SECRETARY OF AGRICULTURE   | : |                             |
|                                          | : |                             |
| Defendant.                               | : |                             |
|                                          | : |                             |

[Complaint dismissed.]

Decided: September 14, 2005

Mandy L. Burton, *pro se*, for the plaintiff .

*Peter D. Keisler*, Assistant Attorney General; *David M. Cohen*, Director, *Patricia M. McCarthy*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*David S. Silverbrand*); *Jeffrey Kahn*, Office of the General Counsel, U.S. Department of Agriculture, of counsel, for the defendant.

## MEMORANDUM ORDER

The U.S. Department of Agriculture ("USDA") is now empowered to certify "agricultural commodities producers" for trade adjustment assistance ("TAA") benefits under the Trade Act of 1974 due to displacement from like or directly competitive imported articles. *See* 19 U.S.C. § 2401 *et seq*. Pursuant to that authority, on November 6, 2003 the USDA published a notice stating that salmon fishermen holding permits and licenses in the State of Alaska had been certified for TAA benefits eligibility. *Trade Adjustment Assistance for Farmers*, 68 Fed. Reg. 62766 (Nov. 6, 2003). The deadline for applying for benefits was January 20, 2004. *Id*.

A letter dated January 25, 2005 and enclosures, addressed to this Court (and also addressed "USDA" in its first line), indicated the following. The plaintiff, Mandy L. Burton, worked on the family-operated fishing boat "Cricket" out of Cordova, Alaska and was paid a percentage of the catch. When she sought to apply for TAA benefits for the year 2002 through the local office administering the program on behalf of USDA, she was informed by "TAA assistants" that she could not file for TAA benefits because she was required to provide a Schedule C (profit or loss from business) to IRS Form 1040 with her filing. She was unable to provide a Schedule C, allegedly, because her wages had been reported via Internal Revenue Service ("IRS") Form W-2 (wage and tax statement), not via IRS Form 1099-MISC (miscellaneous income).

This "United States Court of International Trade . . . ha[s] jurisdiction to affirm the action of the . . . Secretary of Agriculture . . . or to set such action aside, in whole or in part." 19 U.S.C.§ 2395(c). Ms. Burton's submission was deemed a summons and complaint pursuant to USCIT R. 3(a)(3) sufficient to initiate this action.

On April 4, 2005, prior to filing an answer, the defendant United States interposed a motion to dismiss the complaint, with prejudice, due to a lack of subject matter jurisdiction pursuant to USCIT R. 12(b)(1) or alternatively pursuant to USCIT R. 12(b)(5) due to a failure to state a claim upon which relief can be granted. The motion reasons that 19 U.S.C. § 2395 only permits judicial review of a "determination" of the Secretary of Agriculture and that Ms. Burton's complaint does not allege such a determination but rather "concedes" that she failed to "file for the 2002 TAA assistance" and therefore demonstrates failure to exhaust administrative remedies. Def's Br. at 4-7. Based on that "concession," the government's motion alternatively argues that the complaint fails

to allege facts sufficient to find TAA eligibility because 19 U.S.C. § 2401e(a)(1) requires that an "adversely affected agricultural commodity producer covered by a certification" must file for TAA benefits within 90 days of issuance of the Secretary of Agriculture's certification of eligibility, which is "the effective date on which the Administrator announces in the Federal Register or by Department news release a certification of eligibility to apply for adjustment assistance." Def.'s Br. at 7-8 (quoting 7 C.F.R. § 1580.102).

The plaintiff's response to the government's motion was due by May 4, 2005. To alert the plaintiff, on May 19, 2005 the Court issued an order to show cause why the matter should not be dismissed for failure to prosecute.

Since the outset, the plaintiff might have availed herself of the proffered assistance of the clerk's office to obtain legal representation *in forma pauperis* (concerning which, it should be noted, the clerk's office expended considerable time and effort for her benefit since receipt of her January 25, 2005 letter), however she has failed, to date, to respond properly. The Court therefore considers it appropriate to dismiss her case, but without prejudice, for failure to prosecute pursuant to USCIT R. 41(b)(3). The government's motion to dismiss is therefore moot.

SO ORDERED

                     /s/ R. Kenton Musgrave
                     R. KENTON MUSGRAVE, JUDGE

Dated: September 14, 2005
       New York, New York